# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANYALE OWENS,

Plaintiff,

v.                                                                                  No. 17-1391-DRH

WELLCARE HEALTH PLANS
and MARIE BAKER,

Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is defendant Baker's motion to dismiss plaintiff's complaint because Owens did not exhaust her administrative remedies as to Baker as she did not name Baker in her EEOC charge and because Baker must be dismissed as individual supervisors cannot be liable for discrimination under the Americans with Disabilities Act or Title VII (Docs. 11 & 12). On July 13, 2018, Owens filed a response to the motion. Based on the following, the Court grants the motion.

On December 27, 2017, Danyale Owens *pro se* filed suit against her former employer, WellCare Health Plans, and her former supervisor, Marie Baker, alleging that defendants harassed her, discriminated against her, and retaliated against because of her disability (Doc. 1). She claims that the WellCare Health Plans failed

to take any action after she complained about defendant Baker's conduct against her.

## Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed.R.Civ.P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Analysis

### Title VII and ADA claims against Baker

As stated *supra*, Baker argues that the claims against her must be dismissed as individual supervisors cannot be liable for discrimination under the ADA or Title VII. Baker also argues that these claims against her must be dismissed as

Owens did not exhaust her administrative remedies.

It is well-settled that Title VII and the ADA do not impose liability upon individual employees, but rather employers. *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995)(discussing principle in regard to Title VII and ADA claims); *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 (7th Cir. 2001)("We have suggested that there is no individual liability under the ADEA. *See Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 52 n. 2 (7th Cir.1995); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n. 2 (7th Cir.1995)."). Therefore, Baker cannot be held individually liable under these statutes. Thus, the Court grants the motion to dismiss with prejudice for failure to state a claim and dismisses with prejudice the plaintiff's claims against Baker that are brought pursuant to Title VII and the ADA. Based on the *supra*, the Court need not address Baker's arguments regarding exhaustion.

## Conclusion

Accordingly, the Court **GRANTS** defendant Baker's motion to dismiss (Doc. 11). Thus, the Court **DISMISSES with prejudice** Baker as a named defendant as to Owens' claims brought pursuant to the ADA and Title VII.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.16
10:10:54 -05'00'

**United States District Judge**